Kyle D. Sciuchetti, OSB #965705
E-Mail: kyle.s@bullivant.com
Matthew C. Casey, OSB #981950
E-Mail: matt.casey@bullivant.com
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendant Pilot Travel Centers LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEFFREY D. LANHAM,<br><br>Plaintiff,<br><br>v.<br><br>PILOT TRAVEL CENTERS, LLC, a Delaware limited liability company, and DOES 1 through 5, inclusive,<br><br>Defendants. | Civil No.: 3:14-cv-01923-HZ<br><br>**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**<br><br>Pursuant to Fed. R. Civ. P. 12(b)(2)<br><br>Request for Oral Argument |

**I. COMPLIANCE WITH LR 7-1**

Pursuant to Local Rule 7-1, counsel for Pilot Travel Centers, LLC ("Pilot") certifies that a good faith effort to confer with plaintiff's counsel concerning the issue raised in this motion was made prior to filing this motion, but the parties were unable to resolve their dispute. Pursuant to Local Rule 7-1(d)(2), Pilot requests oral argument of this motion.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**
**Page 1**

## II. MOTION

Pursuant to Fed. R. Civ. P. 12(b)(2), Pilot moves the court for an Order dismissing it from this action for lack of personal jurisdiction—particularly, lack of "specific" jurisdiction.

## III. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff alleges that on November 8, 2012 he tripped and fell in the parking lot of a Pilot Travel Center—in Mt. Home, Idaho. It is undisputed that the alleged fall occurred in another state, and plaintiff alleges no facts suggesting that the alleged fall arose out of, or resulted from, any activity of Pilot in the State of Oregon. Nevertheless, on November 5, 2014, plaintiff filed a negligence/premises liability action in Multnomah County Circuit Court. That lawsuit was removed by Pilot to this court on December 2, 2014.[1]

In determining whether a non-resident defendant is subject to specific jurisdiction, the Ninth Circuit has articulated a three-part analysis: (1) the non-resident defendant must have done some act or consummated some transaction within the forum state by which it purposely availed itself of the privilege of conducting activities in the forum state; (2) the plaintiff's claims against the defendant must have arisen out of, or resulted from, the non-resident defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.

The test is stated in the conjunctive—all three requirements must be satisfied. Here, the court only needs to focus on the second requirement. When it does so, it will conclude that in a "premises liability" personal injury lawsuit, where the only allegations of negligence

---

[1] Pilot reserved all legal arguments pertaining to jurisdiction and raised appropriate affirmative defenses in its Answer, pursuant to Fed. R. Civ. P. 12(b) and (h), on December 10, 2014.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**
**Page 2**

necessarily involve actions occurring in another state, the second requirement of the test cannot be satisfied. As a result, specific jurisdiction does not exist, and plaintiff's lawsuit must be dismissed.

### IV. MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Applicable Legal Standards.**

The plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant. *Farmers Ins. Ex. V. Portage La Prairie Mut. Ins.*, 907 F.2d 911, 912 (9th Cir. 1990); *see also State ex rel. Circus Circus Reno, Inc. v. Pope*, 317 Or. 151, 854 P.2d 461 (1993) ("The burden is on the plaintiff * * * to establish facts sufficient to support the exercise of jurisdiction." Id., 317 Or. at 152). "Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).

When analyzing personal jurisdiction under Oregon's personal jurisdiction statute, the court first looks to specific provisions of ORCP 4 A through K. If none of those provisions provide a basis for personal jurisdiction, then the court turns to ORCP 4 L, which provides a "catchall provision intended to extend Oregon jurisdiction to the limits of due process." *Showalter v. Edwards and Associates, Inc.*, 112 Or. App. 472, 477, 831 P.2d 58 (1992). Where the state and federal limits are coextensive, the court "must determine whether the exercise of jurisdiction comports with federal constitutional principles of due process." *Davis v. Am. Family Mut. Ins. Co.*, 861 F.2d 1159, 1161 (9th Cir. 1988).

Federal due process, in turn, requires that a defendant have at least a "minimum level of contact with the forum state before personal jurisdiction may be exercised." *World-Wide*

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW
Page 3**

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Minimum contacts" refer to substantively relevant, forum-related facts, and can result in either "general" or "specific" jurisdiction. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).

As noted, Pilot's motion is that there is no "specific jurisdiction" in this instance. For specific jurisdiction, "there must be such a relationship among the defendant, the forum, and the litigation" that the controversy "is related to or 'arises out of' the defendant's contacts with the forum." *Helicopters Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984). In determining whether a non-resident defendant is subject to specific jurisdiction, the Ninth Circuit has articulated a three-part analysis: (1) the non-resident defendant must have done some act or consummated some transaction within the forum state by which it purposely availed itself of the privilege of conducting activities in the forum state; (2) the plaintiff's claims against the defendant must have arisen out of, or resulted from, the non-resident defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).[2]

///

///

---

[2] The plaintiff bears the burden of meeting the first two prongs of this test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff meets the first two prongs, the burden shifts to the defendant to "present a compelling case" that the exercise of personal jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985). Here, again, Pilot is focusing primarily on "prong (2)" of the test. Plaintiff has failed to allege any facts satisfying "prong (2)", and cannot satisfy that requirement as a matter of law. If, however, plaintiff attempts to satisfy that prong in his Response, Pilot reserves all rights to present its own case that the exercise of personal jurisdiction in this instance would be unreasonable.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**Page 4**

**B. Here, none of the activities that allegedly caused plaintiff harm occurred in Oregon. Accordingly, jurisdiction does not exist because no forum-related actions are implicated.**

In order to satisfy his burden of demonstrating specific jurisdiction, plaintiff must show that his claims against Pilot arose out of, or resulted from, Pilot's Oregon-related activities. Here, because plaintiff has not alleged any Oregon-related activities—all activities relate to actions occurring in Mt. Home, Idaho—plaintiff cannot satisfy "prong (2)" of the test for specific jurisdiction.

In *State ex rel. Circus Circus Reno, Inc. v. Pope*, 317 Or. 151, 854 P.2d 461 (1993), a personal injury claimant alleged he was injured in Reno, Nevada when he was hit by a liquor bottle thrown out of a hotel window. The claimant, an Oregon resident, filed a lawsuit against a Nevada corporation in an Oregon state circuit court. Circus Circus moved to dismiss the complaint for lack of personal jurisdiction. The trial court denied the motion, but the Oregon Supreme Court ultimately concluded that jurisdiction in Oregon was not appropriate[3]. The court reasoned:

> As previously stated, [claimant] alleged that he was injured by a bottle thrown from a window of a hotel in Reno, Nevada. In his complaint, [claimant] alleged that that injury resulted from Circus Circus' negligence in various respects related solely to the operation of its hotel in Nevada. As material here, [claimant's] complaint alleged that Circus Circus was negligent in "failing to keep the hotel windows bolted," "failing to protect street level pedestrians from objects thrown from hotel windows," "failing to warn pedestrians," of the danger of falling objects, "failing to prevent * * * guests * * * from throwing

---

[3] Much like this case, *Circus Circus* is a "premises liability" case. The Oregon Supreme Court analyzed whether jurisdiction was appropriate under ORCP 4 A ("general"), D ("specific") and/or L ("catchall"), and ultimately concluded that the Circus Circus hotel was not subject to jurisdiction under any of these rules.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**
**Page 5**

objects" from hotel windows, and "failing to comply with Reno[, Nevada] Municipal Ordinances." The alleged injury did not arise out of or relate to Circus Circus' activities in Oregon. *Id.*, at 160-61.

Additionally, the *Circus Circus* Court noted that any argument that the claimant "felt the effects" of the injury in the state of Oregon, would not be persuasive. "[Claimant] was injured in Nevada and felt the immediate effects of his injury there. The fact that he continued to experience some effects of the injury after returning to Oregon does not establish jurisdiction under ORCP 4 D(1). Circus Circus is not subject to specific jurisdiction of the Oregon circuit court under that provision." *Id.*, at 155-56.

Subsequently, Oregon's appellate courts have consistently held that jurisdiction is not appropriate where the alleged injurious event occurs outside of the state of Oregon, yet the claimant seeks to sue in Oregon. *See Steers v. Rescue 3, Inc.*, 129 Or.App. 20, 877 P.2d 654 (1994) (A Canadian water rescue trainee attempted to sue in Oregon for a water training accident occurring in Canada. The trial court concluded that it lacked personal jurisdiction over the owner of the defendant company, and the court of appeals affirmed.); *see also Robinson v. Harley-Davidson Motor Company*, 247 Or.App. 587, 270 P.3d 367 (2012) (An Oregon resident motorcycle owner was injured while riding in Wyoming. He filed a lawsuit in Oregon against an Idaho company that performed services on the motorcycle the day before the accident. The trial court dismissed the lawsuit for lack of personal jurisdiction, and the court of appeals affirmed).

Here, like in *Circus Circus*, there is no question that plaintiff's accident *did not* occur in Oregon. There is also no question that the allegations of negligence identified in plaintiff's Complaint relate to actions that either occurred (or, allegedly failed to occur) in a

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**
**Page 6**

state other than Oregon.  Here, plaintiff specifically alleges that Pilot:

   a. Failed to maintain [sic] operate, manage and control the premises including, but not limited to, the parking lot, truck inspection area and/or surrounding area where Plaintiff fell, in a reasonably safe condition;

   b. Failed to remove concrete chunks and/or other debris in an area where Plaintiff would be expected to go;

   c. Allowed a concrete wall on the premises near the area where Plaintiff fell to remain in disrepair when Defendant knew, or in the exercise of reasonable care should have known, the disrepair created an unreasonable risk of harm to Plaintiff and others lawfully on the premises;

   d. Failed to warn Plaintiff of the danger presented by the present of the debris in the parking lot, trucking inspection area and/or surrounding area where Plaintiff fell;

   e. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary [sic] should have known that said inspection was necessary to prevent injury to Plaintiff and others lawfully on the premises;

   f. Allowed the premises to remain in a dangerous condition for an unreasonable length of time with debris remaining in the areas where Plaintiff would be expected to go and creating a tripping hazard;

   g. Failed to provide adequate lighting for the premises including, but not limited to the parking lot, truck inspection area and/or surrounding area where Plaintiff fell;

   h. Failed to repair the concrete wall in the area where Plaintiff fell;

   i. Created the dangerous or defective condition in the parking lot, truck inspection area and/or surrounding area where Plaintiff fell;

   j. Failed to place barriers between where trucks would be expected to be parked and the concrete wall behind them; and

   k. Failed to otherwise exercise due care with respect to the condition of the premises. (Plaintiff's Complaint, p. 3, ¶10,).

All of defendant's alleged "failures" necessarily relate to a specific parking lot/truck inspection area, located at a specific Pilot travel center, in Mt. Home, Idaho.  No actions/inactions having anything to do with the State of Oregon are identified.  And, there is

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**
**Page 7**

no question that the alleged injury, itself, occurred at the time of the fall in Idaho. Furthermore, Idaho premises law should apply, and if there are fact witnesses to the event, itself, they would likely be located in Idaho.

Just as the court in *Circus Circus* concluded, an Oregon court does not have jurisdiction under such facts. Therefore, this court must dismiss plaintiff's lawsuit for lack of specific jurisdiction.

**C.    Courts in other jurisdictions have reached the same result—concluding that in a "premises liability" lawsuit the location where the accident occurred is the appropriate place to file suit.**

Much like Oregon's Supreme Court in *Circus Circus*, courts in other jurisdictions which have considered the same issue have concluded that the appropriate place for a "premises liability" lawsuit is the locale of the "premises"—that is, the place where the alleged tortious acts were alleged to have occurred.

For example, in *Double Eagle Resorts, Inc. v. Mott*, 216 S.W.3d 890 (Ct. App Texas 2007), a patron of a Colorado casino fell from a bar stool, injuring himself. Instead of filing suit in Colorado, he filed suit in Texas, where he resided. The Texas Court of Appeals noted that jurisdiction is proper only if the cause of action arises from a particular activity in the forum where the lawsuit is filed. *Id*., at 895. In holding that jurisdiction was *not* appropriate, the court wrote: "We conclude that Double Eagle's alleged failure to warn and to make its premises safe occurred in Colorado, not Texas. The pleadings and the special appearance evidence show that the [plaintiffs'] claim arises from Double Eagle's activity in Colorado, not from Double Eagle's activity in Texas." *Id.*

///

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW
Page 8**

Similarly, in *Pichardo v. Zayas*, 2014 WL 5836334 (N.Y.A.D. 2 Dept.), a plaintiff who was injured at defendants' home in New Jersey filed a personal injury lawsuit in New York. In concluding that jurisdiction for the lawsuit was not appropriate in New York, the New York Supreme Court noted that there must be an articulable nexus between the defendant's in-state activity and the claim asserted by the plaintiff. *Id*., at *2. The court reasoned: "Rather, the plaintiff asserts tort claims grounded in the [defendants'] duty to maintain their New Jersey property in a reasonably safe condition. This duty was allegedly breached by the [defendants'] provision of a defective saw, which caused the plaintiff to cut himself while at their New Jersey premises. Accordingly, the alleged duty owed by the [defendants] to the plaintiff, the alleged breach of that duty, and the plaintiff's injury all arose or occurred in New Jersey." *Id*.

Here, it is undisputed that plaintiff fell in Idaho. On the face of the Complaint, it is evident that plaintiff is claiming that alleged failures to maintain or warn about conditions of very specific premises located in Mt. Home, Idaho caused his injury. No actions/inactions by Pilot in Oregon are alleged or identified, and certainly no actions by Pilot in Oregon could have any causal relationship to plaintiff's alleged injuries. Just as in *Circus Circus*, *Steers*, and *Harley-Davidson* (as well as *Double Eagle*, and *Pichardo*), this court should conclude that a state where a premises liability accident *did not* occur is not the appropriate place for such a lawsuit to be filed.

///

///

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**
**Page 9**

## V. CONCLUSION

For the foregoing reasons, the court should dismiss plaintiff's lawsuit against Pilot.

DATED: March 2, 2015

        BULLIVANT HOUSER BAILEY PC


By */s/ Matthew C. Casey*
  **Kyle D. Sciuchetti,** OSB #965705
  **Matthew C. Casey,** OSB #981950
  Telephone: 503.228.6351
  Attorneys for Defendant Pilot Travel Centers LLC

15363738.1

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S MOTION TO DISMISS FOR LACK OF SPECIFIC JURISDICTION AND SUPPORTING MEMORANDUM OF LAW
Page 10**