Kyle D. Sciuchetti, OSB #965705
E-Mail: kyle.s@bullivant.com
Matthew C. Casey, OSB #981950
E-Mail: matt.casey@bullivant.com
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendant Pilot Travel Centers LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEFFREY D. LANHAM,<br><br>          Plaintiff,<br><br>  v.<br><br>PILOT TRAVEL CENTERS, LLC, a Delaware limited liability company, and DOES 1 through 5, inclusive,<br><br>          Defendants. | Civil No.:  3:14-cv-01923-HZ<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY** |

## I.  INTRODUCTION

In *Daimler AG v. Bauman*, the U.S. Supreme Court placed severe limits on the exercise of "general" jurisdiction over a corporation.  134 S. Ct. 746 (2014).  According to the unanimous court, a company is normally "at home" in a forum—and thus subject to general jurisdiction—only at its place of incorporation and principal place of business.  Otherwise, general jurisdiction is only appropriate in an "exceptional case."

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**
**Page 1**

This is not an exceptional case. In *Daimler*, the court focused its attention on an appraisal of the company's overall activities—not on a simple weighing of the defendant's in-state contacts. There, even though Mercedes Benz was the largest supplier of luxury vehicles to the California market, had a regional headquarters in California, dozens of dealerships, and the California market accounted for 2.4 percent of Daimler's worldwide sales, the Supreme Court held that general jurisdiction did not exist in California. 134 S. Ct. at 752. Here, by contrast, the Oregon market accounts for less than 1.5 percent of Pilot Travel Center's market, it only has ten travel centers in Oregon, and does not have a regional headquarters or operations center in Oregon. Those contacts are far less than those at issue in *Daimler*—where the Supreme Court found no general jurisdiction.

Because Pilot's in-state contacts are less than what was present in *Daimler*, plaintiff's jurisdictional discovery would be futile. The discovery is not directed to establishing that Pilot is incorporated in or has its principal place of business in Oregon, nor is it directed at showing that a substantial percentage of Pilot's revenue is derived from activities in Oregon (Pilot has already provided a declaration attesting that Pilot earned approximately 1.23 percent of its total revenue in Oregon in 2013, 1.32 percent of its total revenue in Oregon in 2014, and that it has never earned more than 2 percent of its total revenue in Oregon). The Court should not allow discovery of confidential information where it would not lead to evidence that would assist the Court in resolving the limited general jurisdiction issue.

If the Court orders jurisdictional discovery, that discovery should be limited and any confidential financial information should be appropriately protected. Pilot does not oppose plaintiff's request for additional time to submit a response to the pending motion to dismiss.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR JURISDICTIONAL DISCOVERY
Page 2**

## II. LEGAL ANALYSIS

### A. Jurisdictional discovery would not show that this is an "exceptional case."

As recognized in *Daimler*, only in an exceptional case is general jurisdiction available outside of a corporation's state of incorporation or principal place of business. 134 S.Ct. at 761 n. 19. Unless plaintiff can demonstrate an "exceptional case"—*i.e.*, that Pilot is "essentially at home" in Oregon—general jurisdiction simply does not exist. *Id.*[1]

Again, the question is not whether Pilot has **any** contacts with Oregon. Rather, the questions are (1) is Pilot incorporated in or does it have its principal place of business in Oregon, and if not, (2) is Pilot essentially "at home" in Oregon. The answer to the first question is undisputed—Pilot is not incorporated in Oregon and does not have its principal place of business in Oregon. As for the second question, the focus is on Pilot's Oregon contacts **relative to its contacts elsewhere**. Consistent with *Daimler*, Pilot has already affirmatively provided information regarding its contacts with Oregon relative to its contacts elsewhere. Specifically, it has shown that revenue generated from Oregon has never constituted more than 2 percent of Pilot's total revenue, and it has shown that of the 550 travel centers it operates in the United States and Canada, all but 10 are located outside of Oregon (1.8 percent in Oregon versus 98.2 percent outside of Oregon).

In short, Pilot has shown that its contacts with Oregon fall far below the threshold in *Daimler*—where the Supreme Court held that there was no general jurisdiction. As such,

---

[1] Each of the cases cited by plaintiff predates the Supreme Court's decision in *Daimler* (which changed the rules of general jurisdiction) and has limited precedential value. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("The Supreme Court's recent decision in *Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a corporation.").

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**
**Page 3**

this is not an "exceptional" case and no amount of jurisdictional discovery will change that.

**B.      A court may decline jurisdictional discovery where it would be futile.**

A district court has "broad discretion to permit or deny [jurisdictional] discovery." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  But if "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery[.]" *Terracom v. Valley National Bank*, 49 F.3d 555, 562 (9th Cir. 1995).  In the context of a challenge to general jurisdiction (which this case presents because plaintiff does not claim that specific jurisdiction lies), the Ninth Circuit has held that district courts do not abuse their discretion when they deny a plaintiff's request for jurisdictional discovery if that discovery would not show that the defendant is "essentially at home" in the forum state:

> The district court did not abuse its discretion in denying plaintiffs' request for additional jurisdictional discovery about ATR North America.  It is apparent that nothing plaintiffs could discover about ATR North America's contacts with California would make ATR "essentially at home" in California.  "[A] refusal [to grant discovery] is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977).

*Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

Here, no amount of discovery will change the only facts that are relevant to resolution of the issue of general jurisdiction.  Those facts are (1) Pilot is not incorporated in Oregon; (2) Pilot's principal place of business is not in Oregon; and (3) the percentage of Pilot's revenue generated from Oregon is even less than what was at issue in *Daimler* (where the defendant also had a regional headquarters and dozens of car dealerships).  That should end

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR JURISDICTIONAL DISCOVERY
Page 4**

the general jurisdiction inquiry altogether.

In sum, because jurisdictional discovery cannot show that this is an exceptional case in which the exercise of general jurisdiction is permissible, the Court should not allow it.

**C.      Even if some jurisdictional discovery is allowed, only discovery that is reasonably tailored to resolve the general jurisdiction issue is warranted.**

District courts which have addressed the issue of "jurisdictional discovery" appear to place the burden on the plaintiff to explain to the Court what the discovery, if granted, would establish.  *See, e.g., Lang v. Morris*, 823 F. Supp.2d 966, 979 (N.D. Cal. 2011) ("Plaintiffs have also not provided any detail to the Court as to what discovery would establish. Therefore, the Court declines to permit jurisdictional discovery as it would appear to be futile in this case.").  Here, although plaintiff has identified various categories of additional information he would like to obtain from Pilot, he has not given any explanation for "why" the information is relevant, or "what it would establish" if allowed.

Pilot disagrees that any of the categories of discovery sought by plaintiff would provide information necessary to resolve the general jurisdiction question, but in the interest of cooperation, it has agreed to provide additional information via declaration regarding the following:

- The number of employees Pilot employs in Oregon;

- All its office locations in Oregon; and

- All the property it owns in Oregon.

Pilot anticipates that it will also likely be able to produce information relating to the length of time it has operated travel centers in Oregon and identifying any Oregon-related business owned or operated by Pilot within the last 10 years.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR JURISDICTIONAL DISCOVERY
Page 5**

However, plaintiff has also requested information relating to the following:

- Yearly revenue generated by Pilot from its 10 Oregon travel centers for the last six years;

- Any training of management or employees done in Oregon;

- Total taxes paid in Oregon;

- Any lawsuits filed against it in Oregon;

- Any lawsuits filed against Pilot arising out of the ongoing "Rebate Fraud Scandal";

- Any and all community involvement within the State of Oregon;

- All advertising done in Oregon—or just the advertising budget in Oregon for the last five years;

- All affiliations/contacts or connections that Pilot has with the Oregon Truckers' association and/or unions; and

- All affiliations/contacts or connections that Pilot has with Oregon trucking companies.

The requested discovery will not help resolve the general jurisdiction issue. The question is not whether Pilot does *any* business in or has *any* contacts with Oregon. It clearly does; however, its contacts are less than those at issue in *Daimler*. And plaintiff has failed to explain how the additional discovery would establish that Pilot's contacts with Oregon are more substantial than Mercedes Benz's contacts with California. Furthermore, as explained next, in addition to not being "material" to the underlying dispute, the requests are overly

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR JURISDICTIONAL DISCOVERY
Page 6**

broad and seek information of a confidential, sensitive, financial nature.

**1.    Yearly revenue and total taxes paid in Oregon.**

Pilot has already produced information demonstrating the percentage of revenue it generates in Oregon, relative to revenue generated elsewhere.  This, by itself, shows that this case is even less "exceptional" than *Daimler*.  Production of information detailing the specific revenue and tax dollar figures would require disclosure of private financial information, would be unreasonably invasive, and ultimately would not assist the Court in resolving the general jurisdiction issue.

**2.    Training and management of employees in Oregon.**

Pilot has agreed to provide, via declaration, information regarding the number of individuals Pilot employs in Oregon.  It is not clear what types of documents or other information plaintiff is seeking.  Furthermore, "how" employees are trained or managed is not relevant to resolution of the underlying jurisdictional issue.

**3.    Lawsuits filed against Pilot in Oregon, including lawsuits relating to the "rebate scandal."**

Whether Pilot has ever been sued in Oregon is not relevant to resolution of the jurisdictional question at issue in this case.  For example, if somebody fell at a Pilot travel center in Oregon, "specific jurisdiction" may very well exist in that instance.  Or, if somebody sued Pilot and an Oregon resident co-defendant, jurisdiction may exist in Oregon.  But just because Pilot has been sued in Oregon in the past has nothing to do with resolution of the issue in this case—which is whether general jurisdiction exists.  Furthermore, plaintiff cannot explain how any "rebate scandal" lawsuit information would have anything to do with any issue relevant to this jurisdictional dispute.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR JURISDICTIONAL DISCOVERY
Page 7**

**4.** **Pilot's community involvement in the State of Oregon.**

It is unclear what plaintiff means by "community involvement." Furthermore, "community involvement" has never been the test as to whether general jurisdiction exists. And if it was part of the test, it would discourage businesses from participating in community activities outside of their principal place of business or state of incorporation for fear of subjecting themselves to general jurisdiction.

**5.** **Advertising in Oregon—or the advertising budget in Oregon for the last five years.**

Information relating to advertising would not assist the Court—especially in light of the information Pilot has already provided relating to the percentage of revenue it has actually received as a result of its activities in Oregon.

**6.** **Affiliations with trucking associations, unions, or companies.**

Here, it is unclear what is intended by "affiliations." And further, whether a company has "affiliations" in a state has never been the test for whether general jurisdiction exists. And again, it is not clear what information plaintiff seeks, and there is no explanation for how it would in any way assist the Court in resolving the underlying issue.

**D.** **If some jurisdictional discovery is allowed, appropriate safeguards should be put in place to protect Pilot's confidential information.**

Finally, if the Court permits limited jurisdictional discovery, plaintiff should be required to consent to a protective order that protects any confidential information that may be produced.

///

///

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**
**Page 8**

## III.  CONCLUSION

For the foregoing reasons, jurisdictional discovery is not warranted to resolve the general jurisdiction issue.  If jurisdictional discovery is ordered, Pilot requests that it be reasonably tailored to that required to resolve the general jurisdiction issue, and that a protective order be put in place to afford adequate protection of confidential information. Finally, Pilot will work with the Court and plaintiff's counsel to set a briefing schedule for resolution of the motion to dismiss.

DATED:  May 6, 2015

BULLIVANT HOUSER BAILEY PC


By */s/  Matthew C. Casey*
    **Kyle D. Sciuchetti,** OSB #965705
    **Matthew C. Casey,** OSB #981950
    Telephone: 503.228.6351
    Attorneys for Defendant Pilot Travel Centers LLC

15527038.1

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR JURISDICTIONAL DISCOVERY
Page 9**